No. 264
KLINGENBARGER v. STATE
Ohio Appeals, 3rd Dist., Crawford Co.
No. 1048, Decided Jan. 30, 1925.

681. JURISDICTION—Where affidavit of charge is certified and transferred to the Common Pleas by the Juvenile Court, the grand jury cannot indict defendant for an offense other than the one stated in the original affidavit.

HUGHES, J.

Epitomized Opinion
Published only in Ohio Law Abstract

George Klingenbarger, a minor, in an affidavit filed before the Mayor of Bucyrus was charged with unlawfully stealing and driving away a Ford automobile. When taken before the Mayor, it was discovered his age was 18 years, and the case was transferred to the Crawford Juvenile Court. The Juvenile Court certified and transferred the case to the Common Pleas, and Klingenbarger was indicted for "purposely and feloniously taking, driving and operating said automobile upon a public road, highway and public place."

After the State's evidence was in, Klingenbarger moved the court to dismiss the case, on the ground that the evidence failed to prove the guilt charged in the indictment. The motion was overruled. Judgment was rendered in favor of the State; and Klingenbarger prosecuted error.

He claimed that the offense charged in the indictment is not the same offense as the one charged in the affidavit, filed in the Mayor's Court. The Court of Appeals held:

The case defined by indictment herein is not the case that was certified by the juvenile court to the common pleas, and inasmuch as the juvenile court has exclusive jurisdiction over Klingenbarger in regards to the offense charged, there was no jurisdiction in the common pleas court to indict him for the offense charged in this indictment. Judgment is reversed and Klingenbarger is discharged.

Attorneys—Wm. C. Beer, for Klingenbarger; Clarence U. Ahl, for State; both of Bucyrus.